[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR DEFICIENCY JUDGMENT
This is a foreclosure action brought by the plaintiff to foreclosure its mortgage on property owned by the defendants David B. Chase, Ann L. Chase, and 91-93 Lexington Avenue, Inc. The property is situated at 91-93 Lexington Avenue in Norwalk, Connecticut, and consists of ten residential condominium units. The units are numbered one through ten and range in size from one bedroom to two bedrooms. Title to the premises vested in the plaintiff by strict foreclosure on April 21, 1994.
The matter comes to the court now on the plaintiff's motion for a deficiency judgment and the sole subject matter of the hearing was the value of these ten units as of April 21, 1994.
The plaintiff and the defendants each presented evidence, through two real estate appraisers, as to the value of the property as of April 21, 1994. Both appraisers agree that the proper method of valuation of the ten condominium units is the "sales approach" method rather than the "income approach", and each employed the former method. Each used six market sales for their comparisons.
The plaintiff's appraiser found the values of the individual units totalled $425,500, but factored in an estimated "absorption CT Page 2444 period" of three years, for all the units to be sold. Applying that factor, he found the value of the premises, "in bulk", to be $330,000. This appraiser assigned in his report and in his testimony, no specific figures for his various adjustment factors in respect to the comparable sales. Instead, for each comparable, he assigned one amount for the net adjustment. He also testified that he considered the "crime rate" in the area, and presumably included that in his adjustments for location. He made no analysis of the crime rate in the area of the subject property as compared to the areas in which the comparable sales were located. He testified that the crime rate is "common knowledge" and could be detected from the "difference in market sales".
The defendants' appraiser also used six comparable sales. He found the total value of the ten individual units to be $564,000. He applied no "absorption period" to the values, claiming that the units were "cheap enough" and in his opinion would all sell within one year. He provided a breakdown of each negative and positive adjustment factors to reach a net total adjustment for each comparable sale. He did not consider a crime rate in arriving at his adjustment for location.
The court finds that the sales comparison approach employed by both appraisers was the appropriate approach with which to value these condominiums. The court was presented with seriously divergent expert opinions concerning the valuation of the subject property, and the court has weighed and balanced this evidence, presented in testimony as well as by the admission of reports submitted by both experts.
The court in a hearing on a motion for a deficiency judgment is entitled to accept portions of each appraisers' report and testimony and to reject others. New Haven Savings Bank v. WestHaven Sound Development, Co., 190 Conn. 60, 70, 459 A.2d 999
(1983). Indeed, the trier is entitled to conclude that a compromise figure best represents the fair market value of the interest at issue. Id.
Accordingly, under all the circumstances and after taking into consideration all of the evidence presented, including the testimony and reports of both appraisers, and after accepting portions of both, but not all of either, the court finds that the figure which most accurately reflects the fair market value of the subject premises on April 21, 1994 is $475,000. CT Page 2445
The parties are ordered to resubmit a motion for deficiency judgment for the purpose of calculating the amount of the deficiency based upon a fair market value as found by the court herein.
So Ordered.
D'ANDREA, J.